UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENISE FILASKI, in her individual capacity,

                Plaintiff,

    - against -                              **MEMORANDUM & ORDER**
                                                           06-CV-1019 (RRM)(WDW)

NORTHPORT-EAST NORTHPORT UNION FREE
SCHOOL DISTRICT, et al.,

                Defendants.
------------------------------------------------------------X
**MAUSKOPF, United States District Judge.**

        Plaintiff Denise Filaski ("Plaintiff"), in her individual capacity, brings this *pro se* action against defendants Northport-East Northport Union Free School District, Northport-East Northport Board of Education, Northport-East Northport School District, Tom Heinegg, both in his individual capacity and in his official capacity as a Principal of Northport Middle School, John Lych, both in his individual capacity and in his capacity as Director of Pupil Services, Northport-East Northport School District, and Marilou McDermott, both in her individual capacity and her capacity as Superintendent of Schools, Northport-East Northport Schools ("Defendants").[1] On November 21, 2007, Plaintiff filed an Amended Complaint against Defendants alleging, *inter alia*, violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*,[2] the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 792, *et seq.* On July 9, 2010, Defendants filed an unopposed motion to dismiss the Amended Complaint. For the reasons set forth below, Defendants' motion to dismiss is GRANTED. However, in light of the protracted

---

[1] On April 23, 2010, Plaintiff requested that the Court dismiss all claims brought by A.F. (Plaintiff's minor child) in his individual capacity and amend the caption of this case accordingly. (*See* Doc. No. 75, at 1.) Plaintiff's request is granted, and the caption herein reflects that change.
[2] In 2004, Congress reauthorized the Individuals with Disabilities Education Act ("IDEA") as the IDEIA. *See* Pub. L. No. 108-446, 118 Stat. 2647 (Dec. 3, 2004), effective July 1, 2005. In keeping with common practice, however, this Court continues to refer to the amended act as the IDEA.

procedural history of this case, Plaintiff will be given an opportunity to seek leave to further amend her Complaint.

## **BACKGROUND**

This case suffers from a protracted history, and the parties' familiarity with its facts and procedural posture is presumed. Briefly stated, and as relevant to the instant motion, on March 7, 2006, Plaintiffs AF and Denise Filaski filed a Complaint against Northport-East Northport Union Free School District ("School District"), alleging violations of the IDEA and seeking a permanent injunction, an order to provide them with school records, and attorney's fees. (*See* Doc. No. 1.) At the time, Plaintiffs were represented by counsel. On May 16, 2006, the School District filed a motion to dismiss, arguing, *inter alia*, that Plaintiffs had failed to exhaust their administrative remedies as required by the IDEA. (*See* Doc. No. 21.) Two days later, the Court granted Plaintiffs' counsel's motion to withdraw as counsel. (*See* Doc. No. 25.)

On November 11, 2007, Plaintiffs, proceeding *pro se*, filed an Amended Complaint, adding new claims, additional defendants, and requests for other forms of relief, including compensatory and punitive damages. (*See* Doc. No. 46.) On May 9, 2008, Defendants again sought to dismiss the Amended Complaint because, *inter alia*, Plaintiffs had not exhausted their administrative remedies. (*See* Doc. No. 50.) On April 27, 2009, the Court denied Defendants' motion to dismiss with leave to renew in order to afford Plaintiffs the opportunity to retain counsel. On May 11, 2010, the Court again ordered Plaintiffs to retain counsel or risk dismissal of all claims personal to AF.

On July 9, 2010, Defendants filed an unopposed motion to dismiss the Amended Complaint on multiple grounds, including (1) failure to exhaust administrative remedies, (2) mootness, (3) *res judicata*, (4) failure to comply with Federal Rules of Civil Procedure 8 and 10, (5) failure to comply with statutes of limitation, and (6) failure to state a claim upon which relief

may be granted. (*See* Doc. No. 78.) This motion is before the Court. As discussed more fully below, Plaintiff had not exhausted her administrative remedies until approximately two years after the filing of her Amended Complaint. As such, she has failed to satisfy a necessary pre-requisite to the filing of IDEA claims in a federal or state, and the Amended Complaint must, therefore, be dismissed. However, Plaintiff will be given an opportunity to move to further amend her Complaint, if she so chooses, in light of the fact that she appears to have exhausted her remedies during the pendency of this litigation.

**DISCUSSION**

1. IDEA's Exhaustion Requirement

The primary mandate of the IDEA is to provide disabled children with a "free appropriate public education in the least restrictive environment for the child." *Heldman v. Sobol*, 962 F.2d 148, 150 (2d Cir. 1992) (internal quotation marks omitted) (citing 20 U.S.C. §§ 1400(c), 1412(5)(B)). "Rather than detailing the precise substantive rights applicable to all affected children, Congress opted for individually tailored programs – programs crafted by parents and educators working together to determine what is appropriate for each child." *Id*. Each year, parents and educators of a disabled student must jointly develop an "individualized education program (IEP), which details the child's level of educational performance, the goals for the year, and the educational services needed for the child to achieve these goals." *Id.* at 151 (internal quotation marks omitted) (citing 20 U.S.C. § 1401(a)(19)). The IDEA also provides parents and school districts with the right to request a due process hearing to challenge "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free public education." 20 U.S.C. § 1415(b)(6)(A). Under New York State regulations, either a parent or a school district may request a due process hearing before an impartial hearing officer

("IHO"). 8 N.Y.C.R.R. § 200.5(i)(1). Parties dissatisfied with the IHO's ruling have the right to appeal it to a state review officer ("SRO"). *Id.* § 200.5(k)(1).

"It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court . . . ." *J.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004) (citing 20 U.S.C. § 1415(i)(2); *Heldman*, 962 F.2d at 158). The purpose of the exhaustion requirement is to ensure that an expert administrator "versed in the educational needs of disabled children" develops a factual record and attempts to promptly resolve the dispute. *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 791 (2d Cir. 2002) (citation and internal quotation marks omitted); *see also Polera v. Bd. of Educ.*, 288 F.3d 478, 487 (2d Cir. 2002) ("Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." (citations and internal quotation marks omitted)). The exhaustion requirement applies to any claims "related to the education of disabled children generally . . . even if [the] claims are formulated under a statute other than the IDEA (such as the ADA or the Rehabilitation Act)." *Id.* at 481; *see also* 20 U.S.C. § 1415(l); *Hope v. Cortines*, 872 F. Supp. 14, 17 (E.D.N.Y 1995), *aff'd*, 69 F.3d 687 (2d Cir. 1995) (holding that ADA, § 1983 and § 2000d claims related to the education of a disabled student are subject to IDEA's exhaustion requirement). Moreover, the exhaustion requirement pertains to claims for relief, such as damages, that are not available under the IDEA. *See Polera*, 288 F.3d at 487. A plaintiff's failure to exhaust administrative remedies under the IDEA prior to bringing suit in federal court "deprives a court of subject matter jurisdiction" over the case. *Polera*, 288 F.3d at 483 (citation

omitted) (explaining that exhaustion of administrative remedies is required "before filing suit in federal court").[3]

From the beginning of this case, Defendants have insisted that Plaintiff's claims should be dismissed for failure to exhaust. Plaintiff has never provided a meaningful response to this argument. All of the claims in the Amended Complaint relate to the education of a disabled child, s*ee Polera*, 288 F.3d at 487, and Plaintiff was therefore required to exhaust her administrative remedies "prior to initiating a federal lawsuit." *Scaggs v. New York State Dep't of Educ.*, No. 06-CV-0799 (JFB), 2007 U.S. Dist. LEXIS 35860, at *12 (E.D.N.Y. May 16, 2007) (citing *Polera*, 288 F.3d at 481); *see also Cave*, 514 F.3d at 245 ("Only after exhaustion of these procedures has an aggrieved party the right to file a suit in a federal or state court." (citation omitted)). Plaintiff, however, did not exhaust her administrative remedies before she filed the Amended Complaint on November 11, 2007. Indeed, documents submitted by Defendants demonstrate that the exhaustion process was ongoing when Plaintiff amended her Complaint and continued thereafter for almost two years. Specifically, these documents show that: (1) on July 31, 2007, Plaintiff requested an IHO hearing; (2) on April 12, 2009, the IHO rendered his decision; and (3) on August 14, 2009, the SRO decided Defendants' limited appeal of the IHO decision.[4] (*See* Defs.' April 23, 2010 Status Update (Doc. No. 74.) Ex. 1, at 9; Ex. C, at 29.)[5] In

---

[3] Excusal from the IDEA's exhaustion requirement is warranted when "pursuit of the administrative remedies would be futile because the agency either was acting in violation of the law or was unable to remedy the alleged injury." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 249 (2d Cir. 2007) (citing *Heldman*, 962 F.2d at 159). The party requesting excusal from the exhaustion requirement has the burden of proving futility. *Polera*, 288 F.3d at 488 n.8. Here, Plaintiff has not demonstrated that pursuing the exhaustion of her administrative remedies was a futile endeavor. To the contrary, as noted below, Defendants have submitted documents indicating that Plaintiff exhausted her claims nearly two years after filing the Amended Complaint. (Defs.' Mem. of Law at 16.)

[4] Although Plaintiff had no duty to appeal the IHO's favorable rulings, the two-step exhaustion process was not complete until the SRO decided Defendants' limited appeal of the IHO decision. *See SJB v. N.Y. City Dep't of Educ.*, No. 03-CV-6653 (NRB), 2004 U.S. Dist. LEXIS 13227, at *12–13, 14 n.7 (S.D.N.Y. Jul. 14, 2004).

[5] In resolving a motion to dismiss for lack of subject matter jurisdiction, courts may consider evidence outside the pleadings, such as affidavits and other documents. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). As noted above, the question of whether Plaintiff exhausted her claims is tantamount to an inquiry into the existence of subject matter jurisdiction.

short, Plaintiff filed her Amended Complaint nearly two years before she exhausted her administrative remedies. Accordingly, Defendants' motion to dismiss the Amended Complaint for failure to exhaust is GRANTED.

This Court will, however, give Plaintiff *pro se* one final opportunity, if she so chooses, to comply with her pleading and statutory obligations in light of her apparent exhaustion. Plaintiff is permitted to move to further amend her Complaint within thirty (30) days of this Order. In addition to meeting the legal requirements for any such motion, Plaintiff shall also demonstrate in any such motion that she has met the exhaustion requirement under the IDEA, and explain both her failure to notify the Court for almost three years of her administrative case before the IHO and the SRO, as well as why her December 14, 2009 appeal of the SRO decision was not filed with the Court until April 23, 2010.[6] Plaintiff must also attach to such motion a draft complaint that is clearly marked "Proposed Complaint" that states all claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). Plaintiff must arrange the allegations in chronological order, and include dates whenever possible. Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). Failure to comply with this Order will result in the Court dismissing Plaintiff's case with prejudice.

---

[6] The Court is aware that Plaintiff appended to her status update a document purporting to appeal the SRO decision. (*See* Pl.'s April 23, 2010 Status Update (Doc. No. 75.), at 38.) This document bears a December 14, 2009 time-stamp, but the Court's records show that Plaintiff did not file it on that date. Rather, the Court received this document for the first time on April 23, 2010, as part of Plaintiff's status update. Defendants also maintain that they were never served with this purported appeal, and that they only became aware of the document's existence because it was attached to Plaintiff's status report. (Defs.' Mem. of Law (Doc. No. 79.) at 11–12.) The Court can only assume that Plaintiff stamped the SRO appeal in the Eastern District of New York courthouse after-hours drop box on December 14, 2009, but that, for an unknown reason, she failed to leave it in the box. Plaintiff, however, had only four months from August 14, 2009 – or until December 14, 2009 – to file a timely appeal of the SRO decision. *See Murphy v. Arlington Cent. Bd. of Educ.*, 86 F. Supp. 2d 354, 356 n.1 (S.D.N.Y. 2000), *aff'd*, 297 F.3d 195 (2002) (explaining that parties have four months from the date of an SRO decision within which to bring an appeal) (citing *Adler v. Educ. Dep't of N.Y.*, 760 F.2d 454 (2nd Cir. 1985)). Unsurprisingly, Plaintiff has not provided the Court with any explanation for her failure to file her SRO appeal properly on December 14, 2009. Plaintiff must do so now or risk dismissal of her appeal as untimely.

6

## CONCLUSION

Defendants' motion to dismiss [Doc. No. 78] is GRANTED, and the Amended Complaint is DISMISSED in its entirety.

Plaintiff is permitted to request leave to amend her Complaint within thirty (30) days of this Order. The Clerk of Court is directed to send by overnight mail a copy of this Order to Plaintiff *pro se*, and note such mailing on the docket. The Clerk of Court is also directed to amend the caption of this case by removing "Plaintiff AF by his parent and natural guardian, Denise Filaski."

SO ORDERED.

Dated: Brooklyn, New York
March  30, 2011

/S/
_____
ROSLYNN R. MAUSKOPF
United States District Judge